IN THE SUPREME COURT OF THE STATE OF DELAWARE

GARY G. CAMPBELL, §
§
   Defendant Below, § No. 97, 2021
   Appellant, §
§ Court Below - Superior Court
   v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. I.D. No. 0205011488 (K)
§
   Plaintiff Below, §
   Appellee. §

Submitted: April 6, 2021
Decided: April 13, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On March 25, 2021, the appellant, Gary G. Campbell, filed a notice of appeal from a Superior Court order denying a motion for sentence correction. The Superior Court order was dated and docketed on February 16, 2021. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before March 18, 2021.

(2) The Senior Court Clerk issued a notice directing Campbell to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Campbell states that restrictions imposed because of the

COVID-19 pandemic caused delays in receipt of materials from the law library and an inmate account statement to support an *in forma pauperis* application.

(3) This Court "affords *pro se* litigants a degree of leniency in filing documents on appeal."[1] For example, this Court generally will not dismiss an appeal merely because an indigent litigant initially fails to include a complete *in forma pauperis* application with the notice of appeal.[2] But this Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[3] A notice of appeal must be received by the Court within the applicable time period to be effective.[4] Although this Court issued an order extending filing deadlines that expired between March 23, 2020 and June 30, 2020, due to the COVID-19 pandemic, the March 18, 2021, deadline for Campbell to file the notice of appeal was not affected by that order. The failure to file a timely appeal in this case is not attributable to court-related personnel.[5] Therefore, the appeal must be dismissed.

---

[1] *Beck v. Del. Attorney General*, 2018 WL 619708, at *1 (Del. Jan. 29, 2018).

[2] *E.g.*, *Duffy v. State*, 2021 WL 245304 (Del. Jan. 25, 2021).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] DEL. SUPR. CT. R. 10(a).

[5] *See Duffy*, 2021 WL 245304 (dismissing as untimely an appeal that was filed two days late, and holding that pandemic-related restrictions and delays at the prison were not attributable to court-related personnel); *Campbell v. State*, 2018 WL 500130 (Del. Jan. 19, 2018) (dismissing untimely appeal in which another appellant argued that three weeks elapsed before the prison law library notified him that it did not have the forms to file an appeal and "two weeks passed before the Superior Court informed him that he had filed his notice of appeal in the wrong court and needed

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

to file his notice of appeal in the Supreme Court"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library and that his receipt of his inmate account statement was delayed).